UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT RANDALL MCALARY, III,
an individual,

          Plaintiff,

    v.

IGLOO PRODUCTS CORP., a
Delaware corporation,

          Defendant.

No. 2:25-cv-01904-JAM-CSK

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff alleges his finger was pinched and severely injured by an Igloo-brand cooler in 2021 while placing the cooler in a bear-proof storage locker.  Plaintiff theorizes that the accident was caused by an alleged manufacturing defect, design defect, and/or failure to warn of the risk of injury, and asserts claims for strict products liability, negligence, and breach of implied warranties as a result.  Defendant has moved to dismiss Plaintiff's claims, arguing they are untimely and also insufficiently pled.

1

As discussed further below, the Court finds that Plaintiff's claims as pled are untimely and dismisses them with leave to amend.

### I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Defendant Igloo Products Corp. designs and manufactures numerous products intended to cool food and beverages, including an "Igloo 90 Quart Flip & Tow Rolling Cooler."  Compl. ¶¶ 3, 8, ECF No. 1.  Plaintiff Robert Randall McAlary III purchased an Igloo 90 Quart Flip & Tow Rolling Cooler (the "Cooler") from a Costco store on or about May 28, 2021.  Id. ¶ 20.

On or about June 28, 2021, Plaintiff was camping in Yosemite National Park and attempted to store the Cooler in a bear-proof storage locker for the night.  Id. ¶ 21.  While doing so, Plaintiff's left index finger was forcefully caught and pinched by a concealed mechanical junction in the Cooler associated with the tow handle, tearing open the tip of his finger.  Id. ¶ 22.  The injury resulted in severe bleeding and visible trauma consistent with partial amputation of the finger.  Id.

Emergency responders were called to the scene but were unable to locate Plaintiff's missing fingertip.  Id. ¶ 27.  Plaintiff was taken to the emergency room and was later discharged with instructions to see an orthopedic specialist.  Id. ¶¶ 28-30.  Upon evaluation, the orthopedic specialist concluded that the only viable treatment option was amputation of the finger to the level of the knuckle, and surgery was scheduled for the next day.  Id. ¶ 31.  The amputation left Plaintiff with permanent disfigurement and functional limitations, including

2

ongoing sensitivity at the amputation site, diminished grip strength, and cosmetic deformity.  Id. ¶ 33.

Plaintiff returned the Cooler to Costco on July 2, 2021. Id. ¶ 34.  Subsequently, on February 13, 2025, the United States Consumer Product Safety Commission announced a nationwide recall of more than one million of Defendant's 90 Quart Flip & Tow Rolling Coolers due to the risk of fingertip amputation and crushing injuries.  Id. ¶ 9.  The initial recall cited at least 12 known injury incidents.   Id.  In May 2025, the recall was expanded after Defendant received more than 78 additional injury reports, 26 of which involved serious harm such as amputations, fractures, or deep lacerations.  Id.

Following the recall, Plaintiff filed suit on July 7, 2025, alleging six causes of action for (1) Strict Products Liability – Manufacturing Defect; (2) Strict Products Liability – Design Defect; (3) Strict Products Liability – Warning Defect; (4) Negligence; (5) Breach of Implied Warranties; and (6) Negligent Infliction of Emotional Distress.  Id. ¶¶ 39-104. Defendant filed the pending Motion to Dismiss (ECF No. 11) on September 4, 2025, Plaintiff filed a timely Opposition (ECF No. 22), and Defendant filed a Reply (ECF No. 23).  The matter was submitted without oral argument pursuant to Local Rule 230(g). ECF No. 24.

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted

only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." Steinle v. City & Cnty. of San Francisco, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995)). That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. Iqbal, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. OPINION

A.   Plaintiff's Claims are Untimely on the Face of the Complaint

As a threshold matter, Defendant argues that Plaintiff's claims are untimely as they were not brought within the

4

applicable statute of limitations period and Plaintiff has not adequately pled any tolling of the statutory period.  Mot. Dismiss at 4-7, ECF No. 11.

The Court agrees that Plaintiff's claims as pled are untimely.  A motion to dismiss based on a statute of limitations defense is properly brought under Rule 12(b)(6).  See Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996-97 (9th Cir. 2006).  A "claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'"  U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc., 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010)).

Here, Plaintiff's strict liability and negligence claims (including Plaintiff's claim for negligent infliction of emotional distress) are subject to a two-year statute of limitations under California Code of Civil Procedure section 335.1.  See Jorden v. Covidien, LP, No. C 19-05709 WHA, 2019 WL 6327373, at *1 (N.D. Cal. Nov. 26, 2019).  For these claims, the limitations period usually runs from accrual, meaning the date when the wrongdoing, harm, and causation essential to the cause of action occurred.  Aryeh v. Canon Bus. Sols., Inc., 55 Cal. 4th 1185, 1191 (2013).  Plaintiff's remaining claim for breach of implied warranties is subject to a four-year statute of limitations under California Commercial Code section 2725. Harris v. LSP Prods. Grp., Inc., No. 2:18-cv-02973-TLN-KJN, 2021 WL 2682045, at *5 (E.D. Cal. June 30, 2021).  For this claim, the cause of action "accrues at tender of delivery."  Id.

Plaintiff purchased his Cooler on May 28, 2021, and sustained his injury on June 28, 2021.  See Compl. ¶¶ 20-21. Plaintiff did not commence this lawsuit, however, until July 7, 2025—more than four years after delivery and more than two years after his alleged injury.  As such, absent tolling, Plaintiff's claims are untimely as Plaintiff's warranty claim is outside the applicable four-year statutory period and his strict liability and negligence claims are outside the applicable two-year statutory period.

B.    Plaintiff Has Failed to Plead Tolling Under the Delayed Discovery Doctrine

Plaintiff alleges that his claims are timely because the applicable statutes of limitations were tolled under the delayed discovery doctrine.  In particular, Plaintiff alleges that, at the time his injury occurred, he believed the injury was accidental or the result of user error and did not suspect that the Cooler was defective.  Compl. ¶ 24.  Plaintiff alleges that it was not until the national recall was issued in February 2025 that he understood the true source of his injury.  Id.  Thus, Plaintiff alleges the recall was "the earliest date on which Plaintiff became aware, or reasonably could have become aware through the exercise of reasonable diligence, of the defective nature of the Igloo cooler and its causal relationship to his injuries," such that his claims are timely under the delayed discovery doctrine.  Id. ¶¶ 36–37.

The Court disagrees.  "California law recognizes a general, rebuttable presumption, that plaintiffs have 'knowledge of the wrongful cause of an injury.'"  Grisham v. Phillip Morris U.S.A.,

6

Inc., 40 Cal. 4th 623, 638 (2007) (quoting Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005)).  One manner of rebutting this presumption is the discovery rule, which "delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action."  Fox, 35 Cal. 4th at 807.  "In order to rely on the discovery rule for delayed accrual of a cause of action, a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  Id. at 808 (citation and internal quotation marks omitted).  "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her."  Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1110 (1988).  Once the plaintiff suspects wrongdoing, the plaintiff is under a duty to investigate the cause of his or her injury.  Rivas v. Safety-Kleen Corp., 98 Cal. App. 4th 218, 242 (2002) ("Once [parties] knew or reasonably should have known that [a product] was the likely potential source of their respective injuries, they had the responsibility to investigate and determine whether to pursue legal action."); Jolly, 44 Cal. 3d at 1112 ("Because a plaintiff is under a duty to reasonably investigate and because a suspicion of wrongdoing, coupled with a knowledge of the harm and its cause, will commence the limitations period, suits are not likely to be unreasonably delayed, and those failing to act with reasonable dispatch will be barred."); id. at 1111 ("So long as a suspicion exists, it is

7

clear that the plaintiff must go find the facts; she cannot wait for the facts to find her.").

Here, Plaintiff alleges he was severely injured by the Cooler while camping, needed urgent medical care, ultimately had his finger partially amputated, and returned the Cooler to Costco just four days later.  See Compl. ¶¶ 21-34.  These facts strongly indicate Plaintiff suspected or at least had reason to suspect wrongdoing.  However, the Complaint is entirely silent as to Plaintiff's reasonable diligence following his accident, i.e., any efforts to investigate the cause of his injury after it occurred, until the recall notice was issued in February 2025. See id. ¶¶ 34-38.  Plaintiff's failure to plead any diligence despite clear reason to suspect wrongdoing precludes application of the delayed discovery rule here.

    C.    Plaintiff Has Failed to Plead Tolling Under the Fraudulent Concealment Doctrine

Plaintiff also pleads tolling under the fraudulent concealment doctrine, which "tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale."  Aryeh, 55 Cal. 4th at 1192.  In particular, Plaintiff alleges that, "[o]n information and belief, Defendant had knowledge of the defect in the Igloo cooler handles well before the February 2025 recall," including during a period in 2024 when it was actively working on a redesigned handle.  Compl. ¶¶ 26, 38.  Plaintiff alleges Defendant's concealment of the defect further delayed Plaintiff's discovery of the cause of his injury and provides an independent basis for tolling the applicable statute of limitations under the fraudulent

concealment doctrine.  Id. ¶ 38.

Plaintiff's claim of fraudulent concealment is inadequately alleged.  Tolling under the fraudulent concealment doctrine "will last as long as a plaintiff's reliance on the misrepresentations is reasonable."  Grisham, 40 Cal. 4th at 637.  This requires "the plaintiff (1) plead with particularity the facts giving rise to the fraudulent concealment claim and (2) demonstrate that he or she used due diligence in an attempt to uncover the facts." Vanella v. Ford Motor Co., No. 3:19-CV-07956-WHO, 2020 WL 887975, at *5 (N.D. Cal. Feb. 24, 2020) (internal quotation marks and citation omitted).  To satisfy the second element, "the complaint must allege (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry."  Cmty. Cause v. Boatwright, 124 Cal. App. 3d 888, 900 (1981).  Because the exception sounds in fraud, it must be pleaded with particularity.  Finney v. Ford Motor Co., No. 17-CV-06183-JST, 2018 WL 2552266, at *3 (N.D. Cal. June 4, 2018).

Here, Plaintiff alleges Defendant failed to publicly disclose the Cooler's defect, delaying his discovery of his claim.  Compl. ¶ 38.  However, in the absence of a fiduciary relationship, mere non-disclosure will not support fraudulent concealment.  See Herremans v. BMW of N. Am., LLC, No. CV 14-02363 MMM (PJWx), 2014 WL 5017843, at *6 (C.D. Cal. Oct. 3, 2014); see also Long v. Walt Disney Co., 116 Cal.App.4th 868, 874 (2004) ("Absent a fiduciary relationship, nondisclosure is not fraudulent concealment — affirmative deceptive conduct is

9

required."). Plaintiff has alleged no fiduciary relationship here.

Therefore, Plaintiff has failed to plausibly plead tolling under the delayed discovery doctrine or the fraudulent concealment doctrine. As such, the Court finds that Plaintiff's claims as pled are untimely.

D.    The Court Will Grant Leave to Amend

In granting a motion to dismiss, a court must also decide whether to grant leave to amend. Leave to amend should be freely given where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, Plaintiff argues that "although [he] believes he adequately pled the delayed discovery doctrine, all of Defendant's criticisms can be cured by amendment," asking the Court's leave to cure any deficiencies. Opp'n Mot. Dismiss at 5, ECF No. 22. Given that this is the Court's first dismissal of Plaintiff's claims, and amendment is not clearly futile, the Court will grant leave to amend.

**IV.  ORDER**

For the reasons above, Defendant's Motion to Dismiss (ECF No. 11) is GRANTED. Plaintiff's First through Sixth Causes of Action are DISMISSED with leave to amend. If Plaintiff elects to file an amended complaint, he must do so within twenty (20) days

of this Order.  Defendant shall file its response to the amended complaint within twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: February 27, 2026

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE